```
                    UNITED STATES BANKRUPTCY COURT
                     NORTHERN DISTRICT OF GEORGIA
                         GAINESVILLE DIVISION


IN RE:                              )    CASE NO. 05-25051-REB
                                    )
JON DAVID REED                      )    CHAPTER 13
REGINA HELTON REED                  )
                                    )
                                    )
```

BRIEF OF SUNTRUST MORTGAGE, INC.
IN OPPOSITION TO MOTION TO REIMPOSE STAY

COMES NOW SunTrust Mortgage, Inc., and files this its Brief in opposition to Motion to Reimpose Stay, as follows:

I.   Jurisdiction and Venue

SunTrust agrees that jurisdiction is appropriate and that venue is proper.

II.   Nature of the Case/Statement of Facts

This is a Chapter 13 case filed on November 22, 2005. SunTrust Mortgage, Inc. (hereinafter "SunTrust") services a loan on property of Debtors at 608 Cobb Street, Lula, Georgia. The Reeds were debtors in a prior case, Case Number 05-22109, which was dismissed on October 6, 2005, slightly more than one month before this case was filed. Pursuant to

11 USC Section 362(c)(3)(A), the automatic stay terminates on the 30th day after the filing of the case unless the Court extends it. 11 USC Section 362(c)(3)(B) requires that a hearing on any such Motion be completed before the expiration of 30 days after the new case is filed. It is undisputed that Debtors filed a Motion to Reimpose Stay on December 14, 2005, and a hearing was scheduled on January 5, 2006, which is more than 30 days after the case was filed. (For brevity, the references to sections in the Bankruptcy Code hereinafter will not include "11 USC.")

On January 5, 2006, the matter was called for hearing. Present were the Debtors, Jon David Reed and Regina Helton Reed, Brian Shockley, Attorney for Debtors, Richard H. Siegel, Attorney for SunTrust Mortgage, Inc., and George A. Shaw, Attorney for the Trustee.

At the hearing, SunTrust opposed the Motion on procedural grounds, arguing that Debtors should have proceeded pursuant to Section 362(c)(3)(A), and that the Court should not grant the Motion because Debtors did not comply with that Section. Debtors conceded that the automatic stay had terminated pursuant to that Section, but argued nonetheless that it was not procedurally improper to bring a motion to reimpose stay and that it was not necessary to

schedule a hearing in the matter within 30 days because there was no emergency.

On its own motion, the Court raised the possibility that it did not have authority to reimpose the automatic stay by motion in a contested matter, and that an adversary proceeding might be necessary. Counsel for Debtors asked the Court for the opportunity to brief the issues. The Court indicated that Debtors could file and serve a brief on or before January 17, 2006, and that SunTrust could file and serve a reply brief on or before January 31, 2006.

Contrary to their request, Debtors have not yet filed a Brief in this case. They did file a Brief in the case of Reginald Sancho, Case Number 05-86190, which apparently has similar facts. However, SunTrust understands that the Court did not ask the parties to brief the issues in the Sancho case. SunTrust assumes, however, that had Debtors briefed the issues in this case, that they would have raised the same issues here and made the same arguments here that they made in the Sancho case.

### III. Statement of the Issues

a). Can the Debtors seek reimposition of the automatic stay by motion pursuant to Section 362(c)(4)?

b). Can the Debtors seek reimposition of the automatic stay by motion pursuant to some other section, as opposed to filing an adversary proceeding to do so?

### IV. Argument and Citation of Authority

a). Debtors essentially argue that even though the automatic stay terminated under Section 362(c)(3), they may bring a motion to reimpose stay pursuant to Section 362(c)(4). In support of this argument, Debtors cite the case of In re Toro-Arcila, 2005 WL 3370045 (Bankr S.D. Tex). The facts in that case are indeed similar to the facts here, and the Judge there held that the Debtor therein could seek reimposition of the automatic stay pursuant to Section 362(c)(4), even though he only had one prior case dismissed within the preceding year. The case is interesting reading, but SunTrust believes that the decision is legally incorrect, and this Court is not bound by that decision.

It is clear to SunTrust that the Toro-Arcila Court was interested in affording relief to the Debtor in that case, and hence wrote an extensive opinion analyzing these new sections. However, SunTrust believes that Section 362(c)(3) clearly applies to the instance where there was one pending case dismissed within the preceding year, and Section

362(c)(4) clearly applies in the situation where there were two or more cases dismissed in the preceding year. The <u>Toro-Arcila</u> Court concluded that to hold otherwise would render Section 362(c)(4)(D) meaningless. SunTrust believes this is a misplaced argument.

It is clear that Section 362(c)(3) is Section 362(c)(3) and that Section 362(c)(4) is Section 362(c)(4). Section 362(c)(3) clearly holds that the automatic stay terminates unless it is extended by the Court after a hearing completed within 30 days. Section 362(c)(4) is entirely different. It holds that the Court may impose the stay if a motion is filed within 30 days of the date the new case is filed, but it imposes a much stricter burden on a debtor and contains a presumption that the new case was not filed in good faith. If Congress had intended the provisions of Section 362(c)(4) to apply to Section 362(c)(3), it could have put the Section 362(c)(4) subsections under Section 362(c)(3). The Court in <u>Toro-Arcila</u> concludes that if the provisions of Section 362(4)(B) and (C) did not apply to Section 362(c)(3) cases, a debtor could voluntarily dismiss a second case, file a third case, then seek relief under Section 362(c)(4). The Court concludes that "Congress could not have meant to create such gamesmanship."

The Court, however, states no authority for such a finding. SunTrust concedes that a debtor could voluntarily dismiss a second case, file a third case and seek to impose the stay under Section 362(c)(4), but the fact that a statute may produce an unintended or illogical result does not necessarily mean that Congress did not intend the result. This result could easily be something that was not contemplated. SunTrust would argue that if a debtor does in fact voluntarily dismiss a second case, file a third case and seek relief under Section 362(c)(4)(B), his burden would be much more substantial than it otherwise would have been had he simply followed the statute which applied, and filed his motion and set a hearing within 30 days. And, should a debtor voluntarily dismiss a second case and file a third one, it would be most difficult for a debtor to show a substantial change in financial or personal affairs in a case filed shortly after he voluntarily dismissed a prior case for procedural reasons only.

b). Debtors spend an enormous amount of time in the Sancho brief discussing in rem jurisdiction and in personam jurisdiction and the issue of whether the Court has the authority to reimpose the stay by motion in this case in a contested matter, as opposed to an adversary proceeding. SunTrust concedes that Debtors may certainly bring an

adversary proceeding for injunctive relief pursuant to Bankruptcy Rule 7001. However, Debtors maintain that they can bring their Motion pursuant to Bankruptcy Rule 9024, which incorporates F.R.Civ.P Rule 60.

Had the Court entered an Order lifting the automatic stay, Debtors would have a stronger argument that Rule 9024 allows them to bring a motion to reimpose. However, the automatic stay was not lifted; it terminated as a matter of law. Rule 9024 contemplates bringing a motion to correct a mistake in a judgment or order, or in a matter that was adjudicated. There was no mistake here and no judgment. It stretches the imagination to contend that the termination of the automatic stay pursuant to these new code sections is such an order or adjudication that can be corrected by Rule 9024.

SunTrust believes that it was the intent of Congress to have Section 362(c)(3) provide the remedy for that situation and Section 362(c)(4) provide the remedy for that situation. To allow debtors to proceed under different sections of the Code or file Rule 9024 motions to deal with situations that Congress clearly contemplated and addressed thwarts the intent of the new legislation and renders it meaningless.

V. <u>Conclusion</u>

Debtors' Motion to Reimpose Stay should be denied, because they failed to comply with Section 362(c)(3), Section 362(c)(4) does not apply, and Rule 9024 does not afford them a basis for relief because they are not complaining about a mistake in a judgment or order. Furthermore, Debtors did not brief the issues in this case, as they requested the Court to allow them to do.

\_\_\_\_s/\_Richard H. Siegel_____
Richard H. Siegel, Bar No. 645825
Attorney for SunTrust Mortgage, Inc.

McCalla, Raymer, Padrick, Cobb, Nichols & Clark LLC
1544 Old Alabama Road
Roswell Georgia 30076
770-643-7200

CERTIFICATE OF SERVICE

    This is to certify that I have this day served counsel for all other parties (or the parties themselves if not represented by counsel) in the foregoing matter with a copy of this pleading by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon addressed as follows:

Jon David Reed
Regina Helton Reed
6048 Cobb Street
Lula, Georgia 30554

Clark & Washington PC
Building 3, Suite A
3300 Northeast Expressway
Atlanta GA 30341

James H. Bone, Trustee
Suite 1100, The Equitable Building
100 Peachtree Street, NW
Atlanta GA 30303

    This 31st day of January, 2006.

                                          s/ Richard H. Siegel_____
                                          Richard H. Siegel, Bar No. 645825
                                          Attorney for SunTrust Mortgage, Inc.

McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC
Bankruptcy Department
1544 Old Alabama Road
Roswell Georgia 30076
(770) 643-7200